# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND ADAMS,<br><br>                Plaintiff,<br><br>   v.<br><br>M. D. BITER,<br><br>                Defendant. | Case: No. 1:11-cv-01278-GBC (PC)<br><br>ORDER TO SHOW CAUSE REGARDING EXHAUSTION<br><br>(Doc. 3) |

## I.    Factual and Procedural Background

Leland Adams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 13, 2011, Plaintiff filed the original complaint which consists only of attachments. (Doc. 1). On July 1, 2011, Plaintiff filed the first amended complaint. (Doc. 3). On the form complaint, Plaintiff concedes that he has not exhausted administrative remedies stating that he had not filed a grievance because he is illiterate and had no one to assist him. (Doc. 3 at 2).

## II.    Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney*

*v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2011). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2. Three levels of appeal are involved, including the first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.8. Further, the California Department of Corrections and Rehabilitation mandates that "[d]epartment staff shall ensure that inmates and parolees, including those who have difficulties communicating, are provided equal access to the appeals process and the timely assistance necessary to participate throughout the appeal process." *Id.* at § 3084.1. Additionally, "[w]hen an appeal indicates the inmate or parolee has difficulty describing the problem in writing . . . the appeals coordinator shall ensure that the inmate or parolee receives assistance in completing and/or clarifying the appeal." *Id.* at § 3084.5.

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting

*Booth*, 532 U.S. at 739 n.5).

The Court may review Plaintiff's exhibits that may contradict Plaintiff's assertions in the complaint. *See Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). In this instance, Plaintiff claims that he is illiterate and has not exhausted administrative remedies because no one assisted him in filing a grievance. (Doc. 3 at 1-2). Plaintiff attachments in his original complaint indicate that Plaintiff has been through the appeals process before, has been verified to have a reading level below 4.0 and that staff members have been assigned to help Plaintiff with his appeals. (Doc. 1 at 11-12 (indicating that staff were assigned to assist Plaintiff, however, he refused help); Doc. 1 at 17 (Chrono indicating that Plaintiff does not read or write and staff will assist him in processing any forms, letters or disciplinary matters); Doc. 1 at 24-25 (indicating Plaintiff requires a special accommodation to achieve effective communication); Doc. 1 at 27 (Indicating reading level of 1.9 and assigning a staff assistant to communicate the appeal result); Doc. 1 at 28-31). Plaintiff was also advised of his right to get help in filing his 602 appeals. (Doc. 1 at 34). Although Plaintiff asserts that no one assisted him and that is why he has not exhausted administrative remedies, the attachments in his original complaint contradict Plaintiff's assertion.

### III.   Conclusion and Order

Because it appears that Plaintiff contradicts his assertions that he is being prevented from completing the grievance process, the Court HEREBY ORDERS: Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for failure to exhaust administrative remedies withing thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:    August 4, 2011

UNITED STATES MAGISTRATE JUDGE