1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9   LELAND ADAMS,                              Case: No. 1:11-cv-01278-GBC (PC)

10                                             ORDER DENYING MOTION FOR
                    Plaintiff,                 RECONSIDERATION
11
        v.                                     (Doc. 15)
12
    M. D. BITER,
13

14                  Defendant.
15   _____/

16  **I.     Procedural History**

17          Leland Adams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this

18  civil rights action filed pursuant to 42 U.S.C. § 1983.  On June 13, 2011, Plaintiff filed the original

19  complaint which consists only of attachments.  Doc. 1.  On July 1, 2011, Plaintiff filed the first

20  amended complaint.  Doc. 3.  On August 4, 2011, the Court issued an order to show cause as to why

21  the action should not be dismissed based on failure to exhaust administrative remedies.  Doc. 10.

22  On August 9, 2011, the order was returned as undeliverable and the Court sent out a notice that the

23  change of address was due by October 17, 2011.  On October 17, 2011, the Court dismissed the

24  action for failure to prosecute.  Doc. 13.  On May 14, 2012, the clerks office responded to an inquiry

25  from Plaintiff by providing Plaintiff with a courtesy copy of the docket.  Doc. 15 at 7.  On October

26  1, 2012, Plaintiff filed a motion to reopen the action and appoint counsel.  Doc. 15.

27  **II.     Plaintiff's Motion for Reconsideration**

28          Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

1

district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Fed. R. Civ. P. 60(c).

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986).   Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*.  When filing a motion for reconsideration,  Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

Fed. R. Civ. P. 60(b).  In his motion for reconsideration, Plaintiff states that he struggles with a learning disability that inhibited his ability to originally pursue his action.  Doc. 15.  At the time when this action was originally dismissed, Plaintiff still had the obligation to respond to the Court's orders.  Even if Plaintiff was not on notice of the dismissal until he received a copy of the docket sent from the clerks office on May 14, 2012, Plaintiff's motion for reconsideration of the dismissal was filed several months later and not within a reasonable time under Rule 60(c).  Given that this action was dismissed without prejudice, Plaintiff can file a new action and seek appointment of counsel at such time.

1  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this

2  Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the

3  Court finds its order dismissing the action was supported by the record and by proper analysis.

4  Accordingly, IT IS HEREBY ORDERED that: Plaintiff's motion for reconsideration, filed

5  October 1, 2012, is DENIED.

8  IT IS SO ORDERED.

9  Dated:   **December 21, 2012**    __/s/  Lawrence J. O'Neill__
          UNITED STATES DISTRICT JUDGE